WILLIAM S. HOGENCAMP v. CORNELIUS ACKERMAN AND ANDREW J. BROWN.

1. A motion to strike out a plea may be made after demurrer to it, provided it be made at the first opportunity.

2. Pleas will not be stricken out as frivolous, unless upon examination they appear clearly to be frivolous or sham pleas.

3. A frivolous plea will be stricken out although the declaration be insufficient. The rule upon demurrer, that judgment shall be rendered against the party whose pleadings are first defective in substance, does not prevail on motion to strike out pleas.

4. In an action upon a covenant "not to remove certain goods off the premises where they were levied upon," it is a frivolous plea to a breach assigning that they were removed off the premises, and were not delivered on the day of sale, to plead that the defendants had the goods there on the day of sale ready to deliver, because it does not answer the whole breach, and because, on a covenant to deliver goods at a certain day and place, it is not sufficient for the defendant to allege that he was there ready to deliver them.

5 In an action on a covenant for the delivery of goods levied on by the sheriff as the property of A., where the breach assigned is the not delivering the property according to agreement, it is not a good plea that the goods were the property of B., and that the defendants were ready to deliver them subject to the legal rights of B.

6. Where a deed is set out in the schedule annexed to a declaration under the supplement to the practice act of 1852, it is not necessary to crave oyer, but the declaration may be pleaded to as if it had set out the deed.

7. A plea that defendant was always ready to perform, must conclude with a verification, and not to the country.

8. A general plea of performance to a negative breach of covenant, is insufficient and frivolous; it should set out the manner of performance.

9. A plea to a breach assigned in covenant that does not answer the whole breach is frivolous, and will be stricken out.

10. The plea of *nil debet*.in covenant upon a covenant not to do a certain specified thing is bad and frivolous.

11. A parol agreement to dispense with the performance of a covenant in a deed made before breach cannot be pleaded in bar of such breach; such plea is frivolous, and will be stricken out on motion.

12. *Non damnificatus* is not a good plea to a breach of covenant; it is frivolous.

In debt, on motion to strike out plea.

Argued before Justices POTTS and ELMER; Messrs. *Vandervoort* and *Barkalow* for motion, Mr. *Woodruff* contra.

POTTS, J. This is an action of debt, brought by the plaintiff, Hogencamp, against Ackerman and Brown, upon a certain instrument of writing under their seals, which, after reciting, among other things, that, by virtue of a certain execution issued out of this court, Hogencamp, as sheriff of the county of Passaic, had levied on and taken sundry goods and chattels of Brown, and had been requested to remove said goods, un-

less satisfactory security should be given to him that the same should be forthcoming on the day of sale, proceeded as follows : " Now therefore we, Cornelius Ackerman and Andrew J. Brown, do covenant and bind ourselves, our heirs, &c., and agree to and with the said William S. Hogencamp, sheriff as aforesaid, that the said goods and chattels levied upon *shall not be removed from off the premises where levied upon :* on failure thereof, we covenant and bind ourselves that we will pay unto the said W. S. H. the amount of the aforesaid damages, costs, and interest now due and to grow due upon the said judgment, and all other damages thereon unto the said W. S. H., sheriff as aforesaid, or his assigns."

The plaintiff, in his declaration, after setting out the substance of the covenant, &c., assigned as breaches—

1. That the defendants, after the making of said obligation, and before the day of sale, *took and carried away* the said goods and chattels out of the place where levied upon, and *did not deliver* the same to the said plaintiff on the day of sale, but wholly neglected and refused so to do.

2. That after, &c., and before, &c., they took away and *removed* said goods from the said place where the same were levied upon, &c.

3. That after, &c., and before the 2d of December, 1852, the day *appointed* for the sale, &c., they *unlawfully* took and removed the same, out of the *possession* of the plaintiff, away from the place where the same were levied upon ; and that the said goods and chattels thus removed *were not delivered* to the said plaintiff, sheriff, on the 2d December, 1852, at the township, &c., at the time and place *appointed* for the sale thereof.

The declaration was filed, in January last. In February, the defendants put in *twenty-seven* pleas ; and in April the plaintiff filed replications to the 2d, 13th, and 24th of these pleas, on which issue is joined, and at the same time he filed special *demurrers* to all the other pleas, except the 1st, 14th, and 16th.

The demurrers have not been set down for argument, and the plaintiff now moves to strike out all the pleas, except the 1st, 2d, and 14th.

Two preliminary questions are raised upon this motion by the defendant's counsel, which are to be disposed of before proceeding further.

1. It is contended that the motion comes too late. But, as to this, it may be considered as the settled practice of the court, that notwithstanding a party, by way of precaution and to avoid the consequences of a default, shall reply or demur to a plea, yet this shall not deprive him of the liberty to move to strike out such plea, provided he makes the motion at the earliest opportunity. In *Allen* v. *Wheeler*, 1 *Zab.* 93, the motion was to strike out a demurrer as frivolous; and the court allowed it, notwithstanding the party had joined issue on the demurrer. The cases there cited abundantly sustain the practice.

2. It is contended, by the defendant's counsel, that the pleas which have been demurred to, if they or any of them are defective, are at least as good as the declaration, and that pleas should never be stricken out on motion, unless it clearly appears on inspection not only that the pleas are frivolous, but that the declaration is unassailable.

All the authorities go to show that courts will not exercise the power of striking out pleadings as frivolous, sham, or false, unless upon examination they appear to be clearly, palpably so. As where the defendant brought an indenture into court, and pleaded that it contained no covenants, and on inspection it appeared to contain several; *Smith* v. *Yeomans*, 1 *Saunders R.* 316; or a demurrer was manifestly put in for delay, 1 *Zab.* 93; or to put off a trial, or the like, *Stiles' Prac. Reg.* 82; or on motion to strike out demurrer, if there be not colorable matter to ground the demurrer upon, *Ib.* 189; or where a party pleads in *bar* matter which, if good at all, might be pleaded in *abatement* as well as in bar, and *had been* so pleaded and overruled on demurrer, *Cox* v. *Higbee*, 6 *Halst.* 395; or pleads payment to the payee of a note before notice of endorsement to plaintiff, where the note is payable without defalcation or discount, *Coryell* v. *Croxall*, 2 *Southard* 764; or that the action was not prosecuted by the plaintiff on record, but by a third person, *North Brunswick* v. *Booream*, 5

*Halst.* 257; or where the plea is no answer to any averment in the declaration, *Richards* v. *Morris Canal and Banking Co*, 3 *Harr.* 250; or concludes with a verification where it ought to conclude to the country, *Copperthwaite* v. *Dummer*, 3 *Harr.* 258; or takes issue upon a immaterial averment, *Howe* v. *Lawrence*, 2 *Zab.* 99.

It will be seen, by examining these and other cases which might be referred to, that this power has always been cautiously exercised; has been confined very much to cases where, to use the language of the decisions, the matter set up in bar is obviously and grossly insufficient, idle, and frivolous; where the pleading is bad at first blush, without a shadow of foundation, and, if demurred to, would require no argument to prove it so; pleas which the court without hesitation would, if they had been consulted, have refused a place upon the record. It is a proper caution, for it is not to be forgotten, that by the summary process of striking out we deprive the party pleading of an opportunity to have our decision reviewed; and we deprive him, too, of the full benefit of the rule, that in general, upon the argument of a demurrer, judgment is given against the party who committed the first error.

But neither of these considerations should deter us from striking out pleas which upon examination are found clearly bad in *substance*, and not fairly and legitimately *induced* by defects in the declaration, or rendered necessary by such defects. A defendant is at liberty to plead to a defective declaration in order to draw a demurrer from the other side; but he must put in such pleas as are good to such a declaration, and not encumber the record or trouble the court with pleas purely frivolous in themselves. Such pleading is an abuse of justice, and in former times subjected the parties to censure and fine, as well as costs. *Pierce* v. *Blake, Salk.* 515; *Solomon* v. *Lyon,* 1 *East* 370; *Davis* v. *Clerke, Croke Jac.* 64. For though counsel are obliged to be faithful to their clients, yet they are not to manage their causes in such manner as justice should be delayed or truth suppressed. Per *Ch. J. Hale, Ventris* 213.

In *Shotwell* v. *Dennis,* 2 *Green* 501, it was held, that if the

defence is good, though badly pleaded, the court will not strike out, but will put the party to his demurrer.   But even that rule should be taken, I think, with the modification suggested by the court in *Copperthwaite* v. *Dummer*, 3 *Harr.* 259, that " it will not do to say that if the defence hinted at or expressed in the plea is a good one if well pleaded, the plaintiff must be put to his demurrer, however unskilfully or inartificially pleaded."

I have been led to these remarks by the earnest discussion of these preliminary questions at the bar, and now proceed to examine the pleas objected to.

The 1st plea, which is *non est factum;* the 2d, which sets up *fraud* in the procurement of the obligation; and the 14th, which denies the *taking* and *carrying away*, are not objected to. To the 24th, which sets up fraud in the procurement *with more particularity*, and to the 13th, which avers fraud in the *obligation itself*, the plaintiff has elected to reply and take issue, instead of demurring, and I am, therefore, not disposed to look into them.

The 3d plea, which assumes to answer the breach alleged, that the defendants unlawfully took and removed the goods, *and* that they were not delivered on the 2d December, 1852, &c., simply avers, that on the 2d December, 1852, at the place where they were levied on, the defendants had the goods ready to deliver to the plaintiff, &c., but that he was not there, nor any person for him, to receive the same.   This is not a good bar, for two reasons :   1. Because it does not answer the whole of what is adversely alleged, *St. Pldg.* 214; and 2d, because, for all that is averred here, the defendants may the next day have converted the property to their own use, or put it beyond the reach of the plaintiff.   Where there is a contract for the delivery of specific articles at a time and place specified, the absence of the party to whom they are to be delivered at such time and place does not dispense with such acts on the part of the other party as are necessary to vest the property in him. *Smith* v. *Loomis*, 7 *Conn. R.* 110; *Chit. on Cont.* 727, *note* (1); 5 *Wentworth's Pl.* 86.

The 6th, 11th, and 12th pleas are substantially similar to the

3d, and are all bad, for the reason that they do not answer the whole of what is adversely alleged. They neither admit nor deny, by any express averment, the taking and removing of the goods. The 11th plea avers that the goods were the property of *Ackerman*, and that they were always ready to deliver, &c., *subject to his legal rights ;* and is bad for the additional reason, that Ackerman cannot set up this defence· in answer to the breach assigned on his own covenant, not to remove or take away the goods, &c. The 12th plea, instead of admitting or denying the removal, &c., sets out the obligation declared on, and avers that its true meaning is, that the goods shall be *forthcoming* simply ; and then avers readiness at the *time and place* to deliver, leaving it open to the second objection to the 3d plea.

The 7th is a plea of general performance, *by not removing*, &c., and *being ready* at the day and place, &c., and *at all times* to deliver, &c. The objection urged to this plea is—1. That it does not crave oyer and set out the obligation. But the obligation is annexed by way of schedule to the declaration under the act of 1852, (*Pam. L.* 219, § 3,) and may be referred to in pleading, as though it was set out in the body of the declaration. 2. It is objected that this plea should have concluded to the country, and not with a verification. 3 *Harr.* 258. But there are precedents to the contrary. 3 *Ch. Pl.* 986. And, besides, the averment "always ready" is new matter. 1 *Ch. Pl.* 557. The motion to strike out this plea is denied.

The 4th and 5th pleas must be stricken out. The 4th is a plea of general performance, without averring *how* performed. But, per Lord *Mansfield*, in *Sayre* v. *Minns, Cowper* 578, you cannot go to issue on a general averment of performance. Besides, there is no authority for pleading general performance of a *negative* covenant in debt. Where the covenant is in the negative, the plea must give a special answer in the negative. 1 *Saunders' R.* 116, note (1) ; *Steph. Pl.* 334, 336. The 5th plea avers that *before the day of sale* the goods were not removed, and that defendants did not neglect or refuse to deliver them *on the day of sale.* This, as we have seen, is not a sufficient bar; for they may notwithstanding have removed them

*on* the day of sale, and refused to deliver *after* the day of sale. The plea is evasive; it does not answer what is alleged.

The 16th and 17th pleas are similar to the 14th, except that they traverse the 2d and 3d breaches alleged in the precise *form* in which the breaches are alleged, and the motion to strike out is denied.

The 15th plea is, that the defendants did deliver the goods on the day, &c. The 18th is, that they did deliver to the plaintiff, sheriff, on the day, &c. These, as far as they go, amount simply to *performance*, which is already pleaded in the 7th plea; and they are moreover bad in that they do not answer all that is alleged. Let them be stricken out.

The 9th plea is *nil debet,* and must be stricken out. The action is founded on a specialty, an obligation in the nature of a covenant, not to do a certain thing. The condition is set out, and the breaches assigned in the declaration. To this *nil debet* is not a proper plea. *Bullis* v. *Giddens,* 8 *John. R.* 82; *Jansen* v. *Ostrander,* 1 *Cowen* 671; 1 *Ch. Pl.* 477–8 (*ed.* 1825); 3 *Ch. Pl.* 951, *note* (*x*) *ed.* 1840; 2 *Saunders' R.* 187, *note* (2).

The 25th plea is, that *part* of the goods were removed from the premises by *consent* of the plaintiff, or by that of his agent duly authorized, and the *residue* were not removed. But a parol agreement made before breach cannot be pleaded in bar to an action on a specialty. The plea must be stricken out.

The 10th plea alleges, that *Ackerman,* after the execution of the obligation, and before *demand* made for the goods, and before the day of sale, brought an action of *replevin* against the plaintiff, and, by virtue thereof, took the goods into his possession, &c. This plea does not answer the declaration nor any breach assigned. It does not aver that the property was Ackerman's, though this seems to be the drift of it. It is introduced as a sort of argumentative defence, alleges immaterial matters, and tenders no proper issue that could be tried in this action. It must be stricken out.

The 26th plea is, that plaintiff took the goods into his possession, and had them, &c., *until replevied,* &c. This is a

part of the same line of defence adopted in the 10th plea. Let it be stricken out.

The remaining pleas, being the 8th, 19th, 20th, 21st, 22d, and 23d, are pleas of *non damnificatus*, in so many different forms. The defendant's covenant was, that the goods levied on should not be removed, &c., and on failure thereof, they would pay the judgment, costs, interest, and damages, &c.; and the breaches assigned are that the defendants removed the goods, &c., and did not deliver, &c. To this *non damnificatus* is not a good plea, for the plaintiff may maintain his action without showing that he had been made liable to third persons for the defendants' acts; and the defendants, therefore, cannot compel him to put that fact in issue. 1 *Saunders R.* 116, *note* (1); *Wood* v. *Rowan*, 5 *Johns. R.* 41; *Andrews* v. *Waring*, 20 *Johns. R.* 162. Let these pleas be stricken out.

ELMER, J., concurred.